UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SHAWN T. BELIN,

          Plaintiff,

   v.

BRIGHT, et al.,

          Defendants.

Case No. 23-cv-03173-KAW

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

Plaintiff Shawn Belin, a state prisoner, has filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against two doctors at Salinas Valley State Prison (SVSP). His complaint is now before the Court for review under 28 U.S.C. § 1915A. Plaintiff will be granted leave to proceed *in forma pauperis* in a separate order. For the reasons stated below, the Court finds that more information is necessary before the Complaint can be served on Defendants, and it will therefore be dismissed with leave to amend.

**DISCUSSION**

**I. Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:

(1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant's actions both actually and proximately caused the deprivation of a federally protected right. *Lemire v. Caifornia Dep't of Corrections & Rehabilitation*, 726 F.3d 1062, 1074 (9th Cir. 2013); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). A person deprives another of a constitutional right within the meaning of § 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *Id.* at 633.

Under no circumstances is there *respondeat superior* liability under section 1983. *Lemire*, 756 F.3d at 1074. Or, in layman's terms, under no circumstances is there liability under section 1983 solely because one is responsible for the actions or omissions of another. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d 675, 680-81 (9th Cir. 1984). A supervisor may be liable under section 1983 upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Henry A. v. Willden*, 678 F.3d 991, 1003-04 (9th Cir. 2012) (citing *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011)).

**II. Plaintiff's Claims**

Plaintiff alleges that he has a torn retina, lens displacement, aggressive glaucoma, and continued eye swelling and that SVSP medical staff have violated his Eighth Amendment rights by refusing to send him to "the proper medical facility to get fixed." Dkt. No. 1 at 2-3.

Plaintiff has not made any specific allegations about the Defendants' conduct. While deliberate indifference to a serious medical need violates the Eighth Amendment, *Estelle v. Gamble*, 429 U.S. 97, 104 (1976), Plaintiff has not explained what affirmative acts the Defendants undertook, participated in, or failed to do that caused him not to receive adequate medical care for his eyes. Naming Defendants as chief medical executives at SVSP is not adequate to show how they were personally involved, and they are not liable simply as supervisors. Plaintiff has not

explained why he could not receive constitutionally adequate care for his eyes at SVSP, and what role Defendants had in the decision not to send Plaintiff elsewhere for care. Plaintiff may amend his complaint to include additional allegations about the named Defendants, and/or to name other defendants who failed to provide him adequate medical care.

## CONCLUSION

1. Plaintiff is granted leave to file an amended complaint to remedy the deficiencies noted above.

2. If Plaintiff wishes to file an amended complaint, it must be filed within twenty-eight (28) days of the date this Order is filed and must include the caption and civil case number used in this Order and the words AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, Plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may not incorporate material from the original complaint by reference. All that is required of a proper complaint is "a short and plain statement of the claim showing that the pleader is entitled to relief." FRCP 8(a)(2). "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).

3. Failure to amend within the specified time period will result in the claim that is dismissed here with leave to amend to be dismissed with prejudice.

4. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

//
//
//
//

5. The Clerk shall send to Plaintiff a copy of the Court's blank civil rights complaint form with this Order.

**IT IS SO ORDERED.**

Dated: December 20, 2023

KANDIS A. WESTMORE
United States Magistrate Judge